IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLTON PERSON, | § | |
| TDCJ-CID NO.598793, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-10-5252 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner is currently incarcerated at the Ellis Unit in Huntsville, Texas, where he is serving a life sentence from a 1991 murder conviction in Harris County, Texas. *Person v. Cockrell*, Civil Action No.4:01cv0431 (S.D. Tex. Jan. 30, 2002); Texas Department of Criminal Justice website.[1]  He is not eligible for release to mandatory supervision. (Docket Entry No.1).

Petitioner has filed the pending federal habeas action to challenge disciplinary conviction number 20100217543 for threatening to inflict harm and to obey an order. (Docket Entry No.1). He contends the disciplinary case is bogus; consequently, there is no evidence to support Food Service Manager Jerry Insco's charge that petitioner threatened Insco. (*Id.*). Petitioner also contends that he was denied due process because he was not given notice of the charge or an opportunity to confer with counsel substitute. (*Id.*). Petitioner further contends that he was denied the assistance of counsel-substitute from April 8, 2010, to April 12, 2010. (*Id.*).

Petitioner raised similar, if not the same, claims in *Person v. Insco*, Civil Action No.4:10cv2680 (S.D. Tex. Nov. 9, 2010). As in the present petition, petitioner indicated in this civil rights action that he had been found guilty of a Code 04.0 disciplinary offense of threatening an officer and for a Code 24.0 offense of failing to obey an order in Disciplinary

---
[1] http://168.51.178.33/webapp/TDCJ/InmateDetails.sjp?sidnumber=02346141

Case No.20100217543. *Id.* He also indicated that his punishment was assessed at 180 days forfeiture of good time credit, reduction in line class status, forty-five days cell and commissary restriction, and fifteen days of solitary confinement. *Id.* Likewise, petitioner alleged that Insco filed a "bogus" case, which led to his disciplinary conviction and that he had been denied notice and the effective assistance of counsel-substitute.[2] *Id.*

The Court dismissed the complaint in Civil Action No.4:10cv2680 as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), based on its findings that petitioner's claims regarding the lack of notice, witnesses, and attendance at the disciplinary proceeding did not implicate due process concerns because of petitioner's ineligibility for release to mandatory supervision. *Id.* The Court also found that petitioner, like any other inmate, did not have a right to either retained or appointed counsel in a disciplinary hearing; therefore, his claim regarding the denial or performance of counsel was not cognizable. *Id*. The Court further found that petitioner's claim that Manager Insco filed a "bogus" disciplinary case against him was barred by the favourable termination requirement in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

By the pending petition, petitioner seeks redress of the same claims that the Court addressed in Civil Action No.4:10cv2680. Clearly, petitioner may challenge his disciplinary conviction under 42 U.S.C. § 1983 or 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (noting the language of § 1983 "authorizing claims alleging the deprivation of constitutional rights against every 'person' acting 'under color of' state law," and the language of section 2254(a) of Title 42 U.S.C., which permits claims by a person being held "in custody in

---

[2] He also alleged the following in Civil Action No.4:10cv2680: Counsel-Substitutes Patricia Kilcrease and Angela Jeter failed to conduct a proper investigation of the charges, *i.e.*, they did not question him or his witnesses. Counsel-Substitute Kilcrease falsified documents by stating that she talked to him while he was quarantined. Disciplinary Hearing Officer, Captain Deleta Jones, deprived him of due process because he was given insufficient notice of the charges against him, he was not allowed to present witnesses at the disciplinary hearing, and he was not allowed to attend the hearing. *Id*.

violation of the Constitution," both apply to claims that attack the constitutionality of prison disciplinary proceedings that lead to the deprivation of good-time credits). He may not, however, challenge the same disciplinary conviction under both statutes. Because the present federal habeas petition is duplicative of Civil Action No.4:10cv2680, the present habeas action is subject to dismissal as malicious. *Cf. Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).

Insofar as petitioner attempts to overcome the *Heck* favorable termination bar with an insufficiency-of-the-evidence claim in the present petition, his attempt is futile because his ineligibility for mandatory supervision renders him ineligible for federal habeas relief.[3] Therefore, such claim is frivolous under either statute.

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. See 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner's habeas petition does not present a cognizable basis for habeas relief and is duplicative of the claims in Civil Action No.4:10cv2680, the Court will dismiss this habeas petition and deny all pending motions.

CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate

---

[3] Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). Among those rights is the requirement that there be "'some evidence to support the findings made in the disciplinary hearing.'" *Id.* at 536 (quoting *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31-33 (5th Cir. 1995).

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right, and so a certificate of appealability from this decision will be denied.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

Accordingly, the Court ORDERS the following:

1. Petitioner's application for writ of habeas corpus (Docket Entry No.1) is DENIED.

2. This action is DISMISSED with prejudice for failure to state a claim.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 12th day of April, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE